**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE A. CASTILLO, | No. 11-73339 |
| Petitioner, | |
| v. | Agency No. A094-826-424 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Jorge A. Castillo, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The IJ's adverse credibility determination was based on the totality of the circumstances, including a finding that Castillo's testimony was inconsistent regarding his assertion that he is a political person and would be killed for his political activity if he returned to El Salvador, and his admission that he did not engage in any political activity while he was in El Salvador between 1997 and 2003. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). Castillo's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Castillo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Castillo's CAT claim is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion it is more likely than not that he will be tortured if returned to El Salvador, the CAT

claim also fails. *See id.* at 1156-57. We reject Castillo's contention that the agency's analysis of his CAT claim was insufficient.

We reject Castillo's contention that the agency violated due process by failing to consider all of the evidence. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on a due process challenge).

Finally, in light of our credibility conclusion, we need not reach Castillo's arguments regarding the timeliness of his asylum application.

**PETITION FOR REVIEW DENIED.**

11-73339